Tammy Hussin (Bar No. 155290)
HUSSIN LAW
1302 N. Coast Highway 101
Suite 201
Encinitas CA 92024
Tel: (877) 677-5397
Fax: (877) 667-1547
Tammy@HussinLaw.com

Attorney for Plaintiff, Rhonda Hiemstra

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

|  |  |
|---|---|
| Rhonda Hiemstra,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Credit One Financial, a Nevada Corporation d/b/a Credit One Bank, N.A.; DOES 1-10,<br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 *ET. SEQ.*<br>2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET. SEQ.*** |

For this Complaint, the Plaintiff, Rhonda Hiemstra, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et. seq.* ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et. seq.* ("Rosenthal FDCPA"), by the Respondents and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Respondents transact business here and a substantial portion of the acts giving rise to this action occurred here.

## THE PARTIES

4.      The Plaintiff, Rhonda Hiemstra (hereafter "Plaintiff"), is an adult individual residing in Sacramento, California, and the events described herein occurred within this judicial district.

5.      Defendant, Credit One Financial d/b/a Credit One Bank, N.A., ("Credit One") is a nationally chartered bank, headquartered and incorporated in Las Vegas, Nevada. Credit One regularly transacts business with consumers within this judicial district and throughout the state of California.

6.      Credit One, in the regular course of its business, regularly engages in debt collection throughout the state of California and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## THE FACTS

7.      Plaintiff has no business relationship with Credit One, never had a business relationship with Credit One, and never provided her cellular telephone number to Credit One.

8.     Prior to and within the last year, Credit One called Plaintiff on her cellular telephone in an attempt to collect a financial obligation (the "Debt") allegedly owed by a consumer (the "Debtor").

9.     Plaintiff does not know the Debtor and is in no way responsible for the repayment of the Debt.

10.     When the calls first began, Plaintiff told Credit One she did not know the Debtor and that the Debtor could not be reached at her number.

11.     Despite knowing the Debtor could not be reached at Plaintiff's number, Credit One continued to call Plaintiff in an attempt to collect the Debt.

12.     Plaintiff answered a number of calls from Credit One in an effort to get them to stop. Plaintiff told the representatives she did not know the Debtor and directed Credit One to stop calling.

13.     Credit One repeatedly ignored Plaintiff, and continued to call her on an almost daily basis and multiple times throughout each day. Although Credit One knew the Debtor could not be reached at her number, it nonetheless bombarded Plaintiff with multiple calls per day.

14.     The frequency of the calls from Credit One were especially bothersome for Plaintiff because they were automated and Credit One called using different numbers. Sometimes Credit One used an automated voice telling Plaintiff to hold, forcing Plaintiff to wait in silence until she was transferred to a representative. Other times, Credit One's telephone system disconnected the call without ever transferring Plaintiff to a representative with whom she could tell again to stop calling. Other times, Plaintiff answered calls from Credit One and heard nothing but silence, and never got transferred to a live person.

15.     The calls from Credit One were annoying and harassing, and intruded on Plaintiff's right to be free from unwarranted invasions. Plaintiff told Credit One that it was calling the wrong number and she did not know the Debtor, yet Credit One flagrantly invaded Plaintiff's privacy by continuing to call.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. §227, *ET SEQ.*

16.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.     Credit One called Plaintiff's cellular telephone using an automated telephone dialing system ("ATDS") and/or an artificial or prerecorded voice ("Automated Calls") in violation of the TCPA.

18.     When Plaintiff answered the Automated Calls, Credit One sometimes used an automated voice.

19.     When Credit One did not use an automated voice, they placed calls using an ATDS. Credit One's telephone systems has all the earmarks of the use of an ATDS. When Plaintiff answered the Automated Calls, there was not a live person immediately available with whom she could speak. Instead, Plaintiff waited for several seconds in silence until Credit One's telephone systems transferred her to the next available representative. Other times when Plaintiff answered, Credit One's telephone systems disconnected the calls because there was no representative available with whom Plaintiff could speak.

20.     Plaintiff never provided her cellular number to Credit One and therefore Credit One never had consent to place Automated Calls to Plaintiff.

21.     Plaintiff told Credit One many times that it was calling the wrong number and to stop calling, and therefore Credit One had no consent to continue placing Automated Calls to Plaintiff's cellular telephone.

22.     By making Automated Calls to Plaintiff without her consent and over her objection, Credit One violated 47 U.S.C. § 227(b)(1)(A)(iii).

23.     Credit One knows the prohibitions of the TCPA, and has been called to defend against multiple TCPA claims, including TCPA class actions. Credit One knowingly and willfully ignored the prohibitions of the Act and continued to place

Automated Calls to Plaintiff despite her multiple attempts to get the calls to stop.
Therefore, Credit One should be subject to treble damages for each call made in
knowing and willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(C). *See,
e.g., J2 Global Communications v Blue Jay, Inc.*, 2009 WL 4572726 (N.D. Cal.).

24.     Credit One's telephone dialing systems has the capacity to store
randomly or sequentially generated telephone numbers and randomly or sequentially
dials telephone numbers.

25.     The calls from Credit One to Plaintiff were not placed for "emergency
purposes" as defined by 47 U.S.C. §227(b)(1)(A)(i).

26.     Plaintiff is entitled to damages as a result of Credit One's TCPA
violations.

**COUNT II**
**VIOLATIONS OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES
ACT, CAL. CIV. CODE §1788 *et. seq.***

27.     Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein.

28.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code
section 1788 *et. seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and
practices in the collection of consumer debts.

29.     Credit One caused Plaintiff's telephone to ring repeatedly and engaged
the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in
violation of Cal. Civ. Code § 1788.11(d).

30.     Credit One violated the Fair Debt Collection Practices Act, 15 U.S.C. §
1692, *et seq,* and therefore violated Cal. Civ. Code § 1788.13(e). In particular:

    a. Credit One continued to call Plaintiff after knowing the Debtor
       could not be reached at her number, in violation of 15 USC
       §1692c and 15 USC §1692d;

5

b.  By repeatedly calling Plaintiff but not having a representative available when Plaintiff answered the phone and by hanging up on Plaintiff, Credit One violated 15 USC §1692d and 1692f.

31.    The Plaintiff is entitled to damages as a result of violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Respondents:

1.  Statutory damages of $1,000.00 for knowingly and willfully committing Rosenthal FDCPA violations pursuant to Cal. Civ. Code § 1788.30(b);

2.  As a result of each call from Credit One made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages pursuant to 47 U.S.C. §227(b)(3)(B);

3.  As a result of each call from Credit One made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

4.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) and Cal. Civ. Code § 1788.30; and

5.  Such other and further relief as may be just and proper.

DATED:  Oct. 12, 2016                         TAMMY HUSSIN

By: _/s/  Tammy Hussin_
Tammy Hussin, Esq.
Hussin Law
Attorney for Plaintiff, Rhonda Hiemstra