UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA HIEMSTRA,<br><br>    Plaintiff,<br><br>    v.<br><br>CREDIT ONE BANK,<br><br>    Defendant. | No. 2:16-cv-02437-JAM-EFB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY** |

The pending D.C. Circuit opinion in <u>ACA International v. Federal Communications Commission</u> has garnered considerable attention in the last year. Many defendants in Telephone Consumer Protection Act cases have moved to stay their cases pending a decision in <u>ACA International</u>. District courts disagree on what to do: Some courts have granted stay requests; others have denied them. For reasons explained below, this Court joins the latter and DENIES Defendant Credit One Bank's motion to stay.[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 29, 2017.

1

I.  BACKGROUND

Plaintiff Rhonda Hiemstra sues Defendant Credit One Bank, seeking damages under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 et seq. See Compl., ECF No. 1.  Plaintiff alleges Defendant used an automatic telephone dialing system ("ATDS") or artificial or prerecorded voice technology to call Plaintiff several times within the last year to collect a debt. See id. ¶¶ 8, 13, 17.  But this debt belonged to a different individual whose telephone number had been reassigned to Plaintiff. See id. ¶¶ 7-9.

Plaintiff claims Defendant made these calls without her consent, see id. ¶¶ 20-21, and that Defendant "bombarded [her] with multiple calls per day," even after she had "directed [Defendant] to stop calling," id. ¶¶ 12-13.  This conduct, Plaintiff alleges, violates the TCPA's prohibition on placing non-emergency phone calls using an ATDS or an artificial or prerecorded voice without having first obtained the called party's prior express consent, see id. ¶¶ 17, 20-21, 25, and constitutes abusive and harassing behavior in connection with debt collection under section 1788 of the Rosenthal Act, see id. ¶¶ 15, 29.

More than eight months after Plaintiff filed her complaint, Defendant now moves to stay this case.  ECF No. 15.  Defendant contends a stay is warranted pending the D.C. Circuit's opinion in ACA International, No. 15-1211, and the Ninth Circuit's opinion in Marks v. Crunch San Diego, LLC, No. 14-56834, which

the Ninth Circuit has stayed pending the ACA International decision. Mot. at 1-2.

Defendant argues that, given the overlapping issues between ACA International and those here, this Court should stay the proceedings because "[t]he specter of costly discovery and litigating issues that may be moot soon presents an undue burden on Defendant." Mot. at 7. Plaintiff opposes, urging this Court "not be fooled by Defendant's attempt to complicate the issues," for "this is a straight forward [sic] case." Opp'n, ECF No. 18, at 2.

The Court recognizes that the FCC issued a ruling in 2015 interpreting various TCPA provisions, In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 F.C.C. Rcd. 7961 (July 10, 2015) ("FCC 2015 Order"), a ruling the D.C. Circuit is now reviewing. As relevant here, the D.C. Circuit is addressing whether the FCC properly defined ATDS as equipment having not only the present capacity to dial sequentially or randomly, but also the potential capacity to do so. Id. at 7972. The D.C. Circuit is also reviewing "whether a caller making a call subject to the TCPA to a number reassigned from the consumer who gave consent for the call to a new consumer is liable for violating the TCPA." Id. at 7999. Hoping for a favorable decision in ACA International, Defendant asks this Court to stay these proceedings. Plaintiff vehemently opposes this request.

## II. OPINION

### A. Judicial Notice

Defendant requests this court judicially notice the Second

3

Amended Petition for Review in <u>ACA International</u>, the appellate docket in <u>Marks</u>, and orders granting stay requests in <u>Bowden v. Contract Caller, Inc.</u>, No. 16-2v-06171-MMC, 2017 WL 1732017 (N.D. Cal. Apr. 5, 2017); <u>Roark v. Credit One Bank</u>, 16-cv-173; and <u>Kristensen v. Credit One Bank</u>, 14-cv-7963. Def.'s Request for Judicial Notice, ECF No. 16. Because it is well established a court may judicially notice judicial proceedings and orders, <u>see Rosales-Martinez v. Palmer</u>, 753 F.3d 890, 894-95 (9th Cir. 2014), the Court grants Defendant's judicial notice request.

    B.    <u>Legal Standard</u>

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936). The court must use sound discretion when deciding whether to grant a stay, considering factors such as "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." <u>CMAX, Inc. v. Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962) (citing <u>Landis</u>, 299 U.S. at 254-55). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." <u>Landis</u>, 299 U.S. at 255. The moving party has the burden to show that a stay is appropriate. <u>See Clinton v. Jones</u>, 520 U.S. 681, 708 (1997).

C. Analysis

In order to have its request for a stay granted, Defendant here must establish that under the specific claims, issues and facts involved in this action, a stay will result in judicial efficiency, will not prejudice Plaintiff, and that denying Defendant's request will impose hardship and inequity on Defendant. As discussed below, Defendant has not done so.

1. Judicial Efficiency

Defendant leads with a judicial efficiency argument, contending a favorable ruling in ACA International would narrow the issues here and so it is unnecessary to litigate potentially moot issues. See Mot. at 3-5. Plaintiff disagrees, arguing ACA International will minimally affect this case, making a stay unwarranted. See Opp'n at 2-3.

The Court agrees with Plaintiff. Defendant's assertion that ACA International and Marks will moot Plaintiff's claims and preclude the need for discovery is speculative. No matter the results in these appeals, Defendant must still produce discovery to, at the very least, settle factual disputes regarding its prerecorded voice technology. See Glick v. Performant Fin. Corp., No. 16-cv-05461-JST, 2017 WL 786293, at *2 (N.D. Cal. Feb. 27, 2017). Equally important, Plaintiff brings two independent bases for TCPA liability: ATDS or a prerecorded voice, see Compl. ¶ 17, and the pending appeals do not address prerecorded voice technology. See Sliwa v. Bright House Networks, LLC, No. 2:16-cv-235-FTM-29-MRM, 2016 WL 3901378, at *4 (ACA International "will not affect Plaintiff's contention that [defendant] called him using a prerecorded or

5

automated voice, which is an independent basis for stating a claim under the TCPA). Moreover, the losing party in ACA International may very well petition the U.S. Supreme Court for review, making it impossible to forecast if or when a decision in ACA International will become final. See Glick, 2017 WL 786293 at *2; Sliwa, 2016 WL 3901378 at *4. And, finally, ACA International does not address Rosenthal Act claims, a claim Plaintiff also brings here. In sum, Defendant has not shown a stay would serve judicial efficiency.

### 2. Hardship & Inequity

Defendant also fails to "make out a clear case of hardship or inequity" if required to move forward. Landis, 299 U.S. at 255. Defendant cites "costly discovery," Mot. at 7, but this alone does not state a compelling need as to why this Court should impose a stay. See Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005) ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis.").

### 3. Prejudice

Lastly, staying this case would prejudice Plaintiff. Defendant filed its motion more than eight months after Plaintiff filed her complaint. See generally Compl. (filed October 12, 2016); Mot (filed June 26, 2017). Discovery has not yet started and, again, Defendant must still produce discovery to settle the factual disputes regarding its prerecorded voice technology and whether Defendant previously obtained consent of the individual it was allegedly trying to reach. See Sliwa, 2016 WL 3901378 at *4. Also, as explained above, Plaintiff's prerecorded-voice

basis for her TCPA claim and her Rosenthal Act claim will remain, no matter the result in ACA International.

III.   ORDER

Defendant has not shown this case is one of those "rare circumstances" where a court may compel a party in one case "to stand aside while a litigant in another settles the rule of law that will define the rights of both," Landis, 299 U.S. at 255, and so has not met its burden.  Indeed, each case this Court judicially noticed, at Defendant's request, was factually distinguishable:  Bowen discussed burdensome class action discovery; Rowark and Kristensen concluded a stay would only minimally prejudice plaintiff.  This case, however, is not a class action, and this Court has found that imposing a stay would prejudice Plaintiff.  The Court therefore DENIES Defendant's motion to stay.

Finally, the Court sanctions Defendant for violating this Court's Filing Requirements Order.  ECF No. 3-2.  Reply briefs shall not exceed five pages.  See id. (those who violate this order must pay monetary sanctions: $50 per page).  Defendant filed a ten-page reply brief and counsel for Defendant is ordered to pay $250 to the Clerk of the Court within five days of this Order.

IT IS SO ORDERED.

Dated: September 14, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7